UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTINA ANDERSON,<br><br>    Plaintiff,<br><br>  v.<br><br>CAROLYN W. COLVIN, Acting Commissioner of Social Security,<br><br>    Defendant. | Case No.: 1:12-cv-1409 LJO- BAM<br><br>**FINDINGS AND RECOMMENDATIONS REGARDING PLAINTIFF'S SOCIAL SECURITY COMPLAINT** |

## INTRODUCTION

Plaintiff Christina Anderson ("Plaintiff") seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying her application for supplemental security income ("SSI") pursuant to Title XVI of the Social Security Act.[1]  The matter is currently before the Court on the parties' briefs, which were submitted, without oral argument, to Magistrate Judge Barbara A. McAuliffe, for findings and recommendations.

---

[1] Carolyn W. Colvin became the Acting Commissioner of Social Security on February 14, 2013. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Carolyn W. Colvin should be substituted for Michael J. Astrue as the defendant in this suit.

**FACTS AND PRIOR PROCEEDINGS**

On January 14, 2008, Plaintiff filed her current application for SSI alleging disability beginning March 1, 2004, which Plaintiff later amended to January 14, 2008.  AR 21.[2]  Plaintiff's application was denied initially and on reconsideration.  AR 21.  Subsequently, Plaintiff requested a hearing before an Administrative Law Judge ("ALJ").  ALJ Stephen W. Webster held a hearing on October 19, 2010, and issued an order denying benefits on December 1, 2010.  AR 21-30.  Plaintiff sought review of the ALJ's decision, which the Appeals Council denied, making the ALJ's decision the Commissioner's final decision.  AR 1-3.  This appeal followed.

**Hearing Testimony**

The ALJ held a hearing on October 19, 2010, in Fresno, California.  AR 21.  Plaintiff appeared and testified.  AR 21.  She was represented by attorney Gina Fazio.  AR 38.  Impartial Vocational Expert ("VE") Thomas Dachelet also testified.  AR 38.

Plaintiff was born on March 24, 1968 and was forty-two years old at the time of the hearing.  AR 40.  She has a tenth grade education along with her GED.  AR 43.  Plaintiff has not worked since 1995.  AR 43.  She is not married and has four children ranging in age from 11 to 16.  Plaintiff currently lives in an apartment with her four children where she receives welfare and food stamps.  AR 43.

When asked about her impairments, Plaintiff stated that she suffers from back pain, asthma, heart problems, depression and has a history of ulcers.  AR 44.  Plaintiff sees a pain doctor monthly to manage her back pain—her primary complaint.  AR 44.  At one time, Plaintiff received injections to help with her back pain, but these are no longer covered by her insurance.  Currently, Plaintiff manages her back pain with prescription pain medications and heating pads.  AR 45.  Plaintiff also frequently lies down throughout the day.  AR 45.

When asked about her limitations, Plaintiff testified she cannot lift more than 10 pounds at a time.  AR 46.  Plaintiff is also unable to stand or sit for long periods of time.  AR 45.  She testified that she could not stand for more than 15 minutes nor could she sit for more than 30 minutes.  AR 45.

---

[2]  References to the Administrative Record will be designated as "AR," followed by the appropriate page number.

When asked why she is unable to work, Plaintiff testified that she could not walk, sit, or stand for more than 30 minutes. AR 46. Her pain medication makes her very sleepy and unable to concentrate. AR 46. Plaintiff also frequently lies down throughout the day and uses a four-point cane at all times. AR 45.

Thereafter, the ALJ elicited testimony of the vocational expert ("VE") Thomas Dachelet. AR 48. The VE testified that Plaintiff has no past relevant work. AR 49. The ALJ asked the VE hypothetical questions, contemplating an individual of claimant's age, education, and work history. AR 49. This individual can lift 20 pounds occasionally and lift 10 pounds frequently. She can sit, stand or walk for six hours out of an eight hour day. AR 49. Additionally, this individual can occasionally stoop, crouch, kneel or crawl. AR 49. The individual however is limited to work involving simple, routine, and repetitive tasks. AR 49. The VE testified that a person with such limitations could perform all jobs at the sedentary or light-unskilled level. Examples of those jobs in the national economy include supply load builder (DOT No. 920.687-118), garment sorter (DOT No. 222.687-014), and ampoule filler (DOT No. 559.685-018).

In a second hypothetical question, the ALJ asked the VE to consider the same individual except that this person must rely on the use of a cane. AR 50. The VE testified that a person with such limitations could perform all jobs at the sedentary level, including ampoule sealer (DOT No. 559.687-014), toy stuffer (DOT 731.685-014), and paper weight tester (DOT 539.484-010).

In a third hypothetical question, the ALJ asked the VE to assume the same factors from the first and second hypothetical, but this individual required the option to stand or sit at will. AR 51. The VE indicated that such an individual would be unable to perform any work as it exists in the national economy. AR 52.

**Medical Record**

The entire medical record was reviewed by the Court. AR 206-366. The medical evidence will be referenced below as necessary to this Court's decision.

**The ALJ's Decision**

Using the Social Security Administration's five-step sequential evaluation process, the ALJ determined that Plaintiff did not meet the disability standard. AR 21-30. More particularly, the ALJ

found that Plaintiff had not engaged in any substantial gainful activity since January 14, 2008. AR 24. Further, the ALJ identified degenerative disc disease (status post back surgery), heart disease, and depression as severe impairments. AR 21. Nonetheless, the ALJ determined that the severity of the Plaintiff's impairments did not meet or exceed any of the listed impairments. AR 24.

Based on his review of the entire record, the ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to lift and/or carry 20 pounds occasionally and 10 pounds frequently; sit, stand, and/or walk 6 hours in an 8-hour workday; and occasionally stoop, crouch, kneel, and crawl. Plaintiff is also limited to simple, routine, and repetitive tasks and must be able to use a cane. AR 26. Plaintiff has no past relevant work, but based on Plaintiff age, education, work experience, and RFC, the ALJ determined that significant jobs exist in the national economy that Plaintiff could perform. AR 30. The ALJ therefore found that Plaintiff was not disabled under the Social Security Act. AR 30.

## SCOPE OF REVIEW

Congress has provided a limited scope of judicial review of the Commissioner's decision to deny benefits under the Act. In reviewing findings of fact with respect to such determinations, this Court must determine whether the decision of the Commissioner is supported by substantial evidence. 42 U.S.C. § 405 (g). Substantial evidence means "more than a mere scintilla," *Richardson v. Perales*, 402 U.S. 389, 402 (1971), but less than a preponderance. *Sorenson v. Weinberger*, 514 F.2d 1112, 1119, n. 10 (9th Cir. 1975). It is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). The record as a whole must be considered, weighing both the evidence that supports and the evidence that detracts from the Commission's conclusion. *Jones v. Heckler*, 760 F.2d 993, 995 (9th Cir. 1985). In weighing the evidence and making findings, the Commission must apply the proper legal standards. *E.g., Burkhart v. Bowen*, 856 F.2d 1335, 1338 (9th Cir. 1988). This Court must uphold the Commissioner's determination that the claimant is not disabled if the Secretary applied the proper legal standards, and if the Commission's findings are supported by substantial evidence. *See Sanchez v. Sec'y of Health and Human Serv.*, 812 F.2d 509, 510 (9th Cir. 1987).

# REVIEW

In order to qualify for benefits, a claimant must establish that he or she is unable to engage in substantial gainful activity due to a medically determinable physical or mental impairment which has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. § 1382c (a)(3)(A). A claimant must show that he or she has a physical or mental impairment of such severity that he or she is not only unable to do his or her previous work, but cannot, considering his or her age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. *Quang Van Han v. Bowen*, 882 F.2d 1453, 1456 (9th Cir. 1989). The burden is on the claimant to establish disability. *Terry v. Sullivan*, 903 F.2d 1273, 1275 (9th Cir. 1990).

In her motion for summary judgment, Plaintiff contends that the ALJ (1) should have included a sit/stand option in her physical RFC assessment; (2) had a duty to recontact her treating physicians to assess her need to sit/stand at will; and (3) improperly assessed her mental RFC.

# DISCUSSION[3]

## 1.   The ALJ Properly Determined Plaintiff's Physical RFC

Plaintiff first contends the ALJ's physical RFC assessment is not supported by substantial evidence because the ALJ failed to require an at will sit/stand option as a part of her physical RFC assessment. According to Plaintiff, both clinical findings and her own testimony support the inference that she requires the option to stand/sit periodically throughout the day. While Plaintiff admits that no physician imposed an at will sit/stand option, she argues the ALJ should have inferred from her consistent back pain and her inability to sit, stand, or walk for more than thirty minutes at a time would necessitate a sit/stand limitation as a part of her RFC assessment. (Doc. 16 at 11).

The record shows that treating physician John F. Petraglia, M.D. treated Plaintiff monthly for her pain management and back pain from January 31, 2008, until at least July 23, 2010. AR 215-217, 333-340, 349, 351-353, 355-357. During this time, Plaintiff consistently complained of pain in her

---

[3]   The parties are advised that this Court has carefully reviewed and considered all of the briefs, including arguments, points and authorities, declarations, and/or exhibits. Any omission of a reference to any specific argument or brief is not to be construed that the Court did not consider the argument or brief.

lower back radiating to her legs, stiffness, and tenderness. At several appointments, Plaintiff noted that her back pain was made worse by sitting, standing, and walking. AR 353-354, 357. At times, Plaintiff also complained of right knee pain and difficulty moving from the sitting to standing position. AR 357. To alleviate her back pain, Dr. Petraglia prescribed Plaintiff Methadone, Baclofen, and Morphine after every appointment. Beginning in 2009, Plaintiff was also regularly prescribed Percocet in addition to her other pain medications. AR 318-325. In August 2010, Plaintiff also sought treatment with Madhava Narala, M.D. Dr. Narala prescribed Naproxen and Zoloft for Plaintiff's back pain and depression. AR 358.

In assessing the Plaintiff's physical RFC, the ALJ considered Plaintiff's treatment records and the opinions from consultative examiner, Rustom Damania, M.D. and State agency reviewing physician Roger D. Fast, M.D. AR 26-27. The ALJ noted Dr. Damania opined that Plaintiff could lift or carry 20 pounds occasionally, 25 pounds frequently, and could sit, stand, and walk six hours out of an eight hour workday with normal breaks. AR 27, 237. State agency physician Dr. Fast reviewed Plaintiff's treatment records and examining records and also opined that Plaintiff could sit, stand, and walk six hours out an eight-hour workday, and added postural limitations (*i.e.* stoop, crouch, kneel, and crawl only occasionally) which the ALJ adopted. AR 26, 243. Dr. Fast noted that he concurred with Dr. Damania's "light RFC" and the postural limitations he added "were minor changes" and "immaterial." AR 243.

Finally, the ALJ took into consideration Plaintiff's treating doctor's recommendation that she use a cane due to left knee weakness and added it to the RFC. AR 26, 345. No physician opined that Plaintiff required the option to sit and stand at will.

In arguing that the ALJ should have included a sit/stand option in his RFC assessment, Plaintiff points to her frequent appointments with her treating physicians Dr. Petraglia and Narala where they regularly prescribed heavy narcotic pain medications and noted her chronic back pain. However, Plaintiff's argument is not persuasive. There is no evidence in the record, beyond Plaintiff's subjective complaints, suggesting that Plaintiff required a sit/stand option. The ALJ did not dispute that Plaintiff suffers from back pain. Like Plaintiff's physicians, the ALJ found Plaintiff's degenerative disc disease is a severe impairment. AR 24. However, while her treating physicians

6

regularly noted severe back pain and prescribed pain medication, they never suggested or required Plaintiff to sit or stand frequently throughout the day.  The evidence in the record is insufficient to support a finding that the objective observations of back pain, swelling, and stiffness, coupled with Plaintiff's extreme use of pain killers such as Methadone and Morphine over a period of years is indicative of a need for a sit/stand option in this factual context. Neither Plaintiff, nor her physicians, attempt to explain how her back pain equates to a medically necessary sit/stand option.

Plaintiff also argues that in addition to her longitudinal history of back pain and treatment by Drs. Petraglia and Narala, her need for a sit/stand option is further supported by her testimony that she could only sit, stand, or walk 30 minutes for each activity. (Doc. 20 at 3).  The ALJ, however, took issue with this specific testimony. In finding that Plaintiff's testimony was not entirely credible, the ALJ specifically noted the inconsistencies in Plaintiff's testimony about how much time she could stand or walk at a time. AR 27. The ALJ also pointed to clinical findings about Plaintiff's normal muscle strength which belie her testimony about her limited strength. AR 27. Specifically, the ALJ stated**:**

> The claimant first testified that she cannot sit or stand for more than 30 minutes at a time and that she cannot stand and/or walk for more than 15 minutes at a time.  Later she testified that she cannot sit, stand, and/or walk for more than 30 minutes at a time and in a disability report, she stated that she "can't stand or walk for more than 1 hour and 15 minutes at a time."  Further, the medical evidence indicates that she walks for 30 minutes a day.  The claimant also testified that the heaviest weight she can lift is 10 pounds, but physical examinations revealed her strength in all of her extremities to be a 5 on a 5-point scale.  These clear inconsistencies diminish the claimant's credibility with regard to her physical impairments.

AR 27.

In further assessing her credibility, the ALJ noted that "Plaintiff testified she has no history of drug use, however after reviewing her medical records it is evident that she uses a signification amount of prescription drugs and is constantly seeking refills from Drs. Petraglia and Narala." AR 28. Due to these inconsistencies, the ALJ rejected Plaintiff's subjective testimony. The Court finds no error in this determination.  Ultimately, Plaintiff supports her need for a sit/stand option with evidence of her frequent visits to her pain physicians and her subjective testimony.  The ALJ specifically rejected that evidence as unreliable and unsupported by the record. Based on the record as a whole and

the ALJ's findings, the Court will not take an unsupported inferential leap to conclude that the ALJ erred in failing to include a sit/stand option in Plaintiff's RFC assessment.

**2.    Duty to Recontact**

In a related argument, Plaintiff contends that the record is incomplete because the ALJ failed to recontact her treating physicians to assess her need to sit/stand at will.  Plaintiff is incorrect.  Plaintiff bears the burden of providing evidence to prove that her impairments limit her functioning to the point of disability. 42 U.S.C. § 423(d)(5)(A), 20 C.F.R. § 404.1512(c).[4]  Nonetheless, "[i]n Social Security cases, the ALJ has a special duty to develop the record fully and fairly and to ensure that the claimant's interests are considered." *Brown v. Heckler*, 713 F.2d 441, 443 (9th Cir. 2003). The ALJ's duty to develop the record further is triggered, however, only by ambiguous evidence, the ALJ's own finding that the record is inadequate, or the ALJ's reliance on an expert's conclusion that the evidence is ambiguous. *Tonapetyan v. Halter*, 242 F.3d 1144, 1150 (9th Cir. 2001); *also see Smolen v. Chater*, 80 F.3d 1273, 1288 (9th Cir. 1996) (the ALJ has a duty to develop the record or "conduct an appropriate inquiry" when the evidence is ambiguous or the ALJ finds the record is not sufficient for him to evaluate the evidence and make a determination as to Plaintiff's alleged disability).

Here, the record was sufficient for purposes of evaluating the evidence and making a disability determination as there was no ambiguity regarding Plaintiff's functional limitations. The ALJ reviewed the medical evidence of record and found that Plaintiff has the RFC to lift 20 pounds occasionally and 10 pounds frequently, sit, stand, and/or walk 6 hours in an 8-hour workday and occasionally stoop, crouch, kneel, and crawl. AR 26.  In so finding, the ALJ credited the opinions of examining physician Dr. Damania and reviewing physician Dr. Fast.  AR 27.  Plaintiff's treating physicians did not submit medical source statements and therefore gave no opinions and submitted no findings beyond their clinical records. Having relied heavily upon the available medical evidence to determine the RFC, there was no inadequacy or ambiguity in the record that would have required the ALJ to recontact those doctors.

---

[4]    42 U.S.C. § 423(d)(5)(A) provides that a claimant will not be considered to be under a disability unless he or she furnishes medical and other evidence of the existence thereof; 20 C.F.R. § 404.1512(c) provides "[a claimant] must provide evidence ... showing how [the alleged] impairment(s) affects ... [his or her] functioning[.]"

While Plaintiff speculates that the ALJ could have received further information by recontacting her treating physicians, Plaintiff is essentially arguing that the ALJ was under a *sua sponte* duty to solicit formal and current opinions from her physicians–even though the medical evidence of record was clear and consistent, providing sufficient evidence to decide the claim. *Jewell v. Astrue*, 2010 U.S. Dist. LEXIS 92047, *17 (E.D. Cal. 2010) (no sua sponte duty to collect further evidence absent inconsistency in the record). There simply is no such duty to collect further evidence absent inconsistency, conflict, or a lack of evidence in the medical record such that additional or supplement medical evidence is necessary to make a decision on the claim. Here, the ALJ did not find any inadequacy or ambiguity that prevented evaluation of the evidence. Rather, the ALJ, with support in the record, found the evidence adequate to make a determination regarding Plaintiff's disability. Accordingly, the Court concludes that the ALJ did not have a duty to recontact her treating physicians.

**3.     The ALJ Properly Determined Plaintiff's Mental RFC.**

Finally, Plaintiff argues that the ALJ improperly assessed Plaintiff's mental RFC. (Doc. 16 at 13). Specifically, Plaintiff contends that the ALJ's formulation of her mental RFC did not adequately capture the opinion of consultative examiner, Ekram Michiel, M.D., who opined that Plaintiff is "unable to carry out an extensive variety of technical and/or complex instructions." AR 25, 248.

In weighing Dr. Michiel's opinion, the ALJ stated as follows:

> Dr. Ekram Michiel performed a consultative psychiatric evaluation of claimant. He diagnosed claimant with an adjustment disorder with mixed emotional features, depression and anxiety. Dr. Michiel opined that the claimant is able to maintain attention and concentration and to carry out simple job instructions, and she is able to relate to and interact with co-workers, supervisors, and the general public. Further, he found that the claimant is unable to carry out an extensive variety of technical and/or complex instruction. I considered this opinion and afforded it substantial weight because it is well supported by the evidence. Accordingly, in my residual functional capacity finding, I limited the claimant to simple routine work.

AR 27.

Relying on *Lubin v. Comm'r of SSA*, Plaintiff argues that because Dr. Michiel found that Plaintiff has a moderate difficulty in concentration, the ALJ should have included this moderate limitation in his RFC assessment. *Lubin v. Commissioner*, 507 Fed. Appx. 709 (9th Cir. Feb. 8, 2013) (mem.) (unpublished disposition). In *Lubin*, an unpublished Ninth Circuit decision, the Appeals Court

held that a moderate limitation in concentration, persistence, or pace is not reflected in a limitation to simple, repetitive tasks or work. *Lubin* held as follows:

> Although the ALJ found that Lubin suffered moderate difficulties in maintaining concentration, persistence, or pace, the ALJ erred by not including this limitation in the residual functional capacity determination or in the hypothetical question to the vocational expert. The ALJ must include all restrictions in the residual functional capacity determination and the hypothetical question posed to the vocational expert, including moderate limitations in concentration, persistence, or pace. 20 C.F.R. §§ 404.1545, 416.945; *Magallanes v. Bowen*, 881 F.2d 747, 756 (9th Cir. 1989).
>
> Limiting Lubin "to one to three step tasks due to pain and prescription drug/marijuana use" did not capture the limitation in concentration, persistence, or pace found by the ALJ. The work described by the vocational expert may still require the speed and concentration Lubin lacks. *See Brink v. Comm'r Soc. Sec. Admin.*, 343 Fed. Appx. 211, 212 (9th Cir. 2009) (unpublished). The hypothetical question should have included Lubin's moderate limitations in concentration, persistence, or pace.
>
> Because the ALJ's hypothetical question to the vocational expert did not reflect all of Lubin's limitations, "the expert's testimony has no evidentiary value to support a finding that [Lubin] can perform jobs in the national economy." *DeLorme v. Sullivan*, 924 F.2d 841, 850 (9th Cir. 1991).

507 Fed. Appx. at 712.

As an unpublished decision, *Lubin* is not binding precedent. *See* Ninth Cir. Rule 36-3(a). Consequently, the Court declines to follow the holding in *Lubin* to the extent it conflicts with the seminal published case on this issue, *Stubbs-Danielson v. Astrue*, 539 F.3d 1169 (9th Cir. 2008).

Where the ALJ credits the opinion of a physician, the ALJ must translate the plaintiff's condition as described in the physician's opinion into functional limitations in the RFC. *Stubbs-Danielson v. Astrue,* 539 F.3d at 1173-74; *Martin v. Astrue,* No. 2:12-cv-0033-KJN, 2013 U.S. Dist. LEXIS 19651, at *28 (E.D. Cal. Feb. 12, 2013). Here, the ALJ afforded the assessment of Dr. Michiel, who found Plaintiff s able to maintain attention and concentration and to carry out simple job instructions, but unable to carry out an extensive variety of technical and/or complex instructions, "substantial weight." AR 27. The issue, then, is whether the ALJ's RFC assessment, which limits Plaintiff to "simple routine work," sufficiently translates the medical opinion into functional limitations in the RFC. "An ALJ's assessment of a claimant adequately captures restrictions related to concentration, persistence, or pace where the assessment is consistent with restrictions identified in the medical testimony." *Stubbs-Danielson*, 539 F.3d at 1174.

1    Indeed, *Stubbs-Danielson*, which is binding Ninth Circuit authority, recognized that "when medical evidence demonstrates that a claimant can engage in simple, routine tasks or unskilled work despite" these limitations, "limiting the hypothetical to include only unskilled work sufficiently accounts for such limitations." *Id.* at 1173-76.

The Court finds that limiting Plaintiff to "simple routine work" adequately incorporates moderate limitations in concentration, persistence, or pace. Despite Dr. Michiel's opinion that Plaintiff had difficulty performing a variety of technical and/or complex instructions, Dr. Michiel indicated that Plaintiff was able to "maintain attention and concentration and carry out simple job instructions." AR 27, 248. After concluding that Plaintiff was limited to simple routine work, the ALJ determined that Plaintiff could perform unskilled work and named example jobs of ampoule sealer, stuffer of toys, and weight tested. AR 29. The basic mental demands of unskilled work include the abilities "to understand, carry out, and remember simple instructions; to respond appropriately to supervision, coworkers, and usual work situations; and to deal with changes in a routine work setting." SSR 85-15, 1985 SSR LEXIS 20. The occupational base of unskilled work is eroded only when a claimant has a "substantial loss of ability to meet any of these basic work-related activities." *Id.*

An inability to carry out an extensive variety of technical and/or complex instructions would not create a substantial loss of Plaintiff's basic work-related abilities. As a result, the ALJ did not err in limiting Plaintiff to simple, routine work in the RFC or concluding from this RFC that Plaintiff could perform unskilled work.

Moreover, even assuming *arguendo* that a particular moderate functional limitation identified by Dr. Michiel was not adequately encompassed in the assessed RFC, this would be harmless error, because the Ninth Circuit also held that moderate mental limitations do not even require vocational expert testimony. *Hoopai v. Astrue*, 499 F.3d 1071, 1076 (9th Cir. 2007) (A vocational expert is required and the Grids are inapplicable "when a non-exertional limitation is 'sufficiently severe' so as to significantly limit the range of work permitted by the claimant's exertional limitations."). For these reasons, the Court finds no error in the ALJ's mental RFC assessment.

///

///

**RECOMMENDATION**

Based on the foregoing, the Court finds that the ALJ's decision is supported by substantial evidence in the record as a whole and is based on proper legal standards. Accordingly, the Court RECOMMENDS that Plaintiff's appeal from the administrative decision of the Commissioner of Social Security be DENIED and that JUDGMENT be entered for Defendant Carolyn W. Colvin and against Plaintiff Christina Anderson.

These findings and recommendations will be submitted to the district judge pursuant to the provisions of Title 28 of the United States Code section 636(b)(l). Within fifteen (15) days after being served with these findings and recommendations, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: **February 18, 2014**         /s/ Barbara A. McAuliffe
                                       UNITED STATES MAGISTRATE JUDGE